Patric A. Lester (SBN 220092)
PL@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
Luftman, Heck & Associates, LLP
501 West Broadway, Ste. 800
San Diego, CA 92101
Phone: 619-400-4900
Fax: 619-923-3661

Attorneys for Plaintiff Drew Hill

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DREW HILL, <br><br> Plaintiff, <br><br> vs. <br><br> LEADING EDGE RECOVERY SOLUTIONS, LLC., an Illinois Limited Liability Company, <br><br> Defendant. | Case No.: **'12CV1272 WQHWMc** <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Drew Hill, (hereinafter "Plaintiff") against Leading Edge Recovery Solutions, LLC, an Illinois Limited Liability Company, (hereinafter "Defendant") violations of the Fair Debt Collection practices Act, *15 U.S.C. § 1692, et seq.* (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, *California Civil Code § 1788 et seq.* (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the

---

[1] All undesignated section references to §1692 are to the FDCPA

[2] All undesignated section references to §1788 are to the Rosenthal Act

Telephone Consumer Protection Act, *47 U.S.C. §277 et seq*, (hereinafter "TCPA").[3] which prohibits the making of un-consented to phone calls to cell phones.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the FDCPA, Rosenthal Act and TCPA.

5. Jurisdiction arises pursuant to *28 U.S.C. §1391, 1337, 15 U.S.C. §1692(k)(d), and 47 U.S.C. §277 et seq.* and *28 U.S.C.§1367* for supplemental state claims.

6. Venue is proper in this Court pursuant to *28 U.S.C. §1391*.

## THE PARTIES

7. Plaintiff is a natural person residing in San Diego County, California.

8. Plaintiff is a "consumer" within the meaning of *§1692a(3)* in that he is a natural person purportedly obligated to pay a credit card debt, allegedly owed to Discover Bank, (hereinafter "Debt").

9. Plaintiff is a "debtor" as that term is defined by *§1788.2(h)*.

10. Plaintiff is a "person" as defined by *47 U.S.C. §153(10)*.

11. Defendant Leading Edge Recovery Solutions, LLC, is an Illinois limited liability company with its primary place of business located at 5440 North Cumberland Avenue, Suite 300, Chicago, Illinois, and is registered to do business in the State of California, and may be served through its registered agent, National Corporate Research, LTD at 1107 9th Street, Suite 1025, Sacramento, California 95814.

12. At all times relevant herein, Defendant Leading Edge Recovery Solutions, LLC was a company engaged, by use of the mails and telephone in the business of collecting debts, as defined by

---

[3] All undesignated section references to 47 U.S.C. §277 are to the TCPA

*§1692a(5)*, and consumer debts as defined by *§ 1788.2(f)*. Defendant Leading Edge Recovery Solutions, LLC regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of *§1692a(6)* and *§1788.2(c)*.

13. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, which includes using instrumentalities of interstate commerce by making phone calls across State boundaries to consumers residing in the Southern District of California, and by mailing letters to consumers in the Southern District of California, this Court has personal jurisdiction over Defendants for purposes of this action.

### FACTUAL ALLEGATIONS

14. At all times herein, Defendant, was attempting to collect, from Plaintiff, a debt as defined by *§1692a (5)* of the FDCPA and a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

15. Prior to January 16, 2012, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

16. Prior to January 16, 2012, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection.

17. Beginning on or about January 19, 2012, and on multiple occasions since that time, Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

18. These phone calls were communications within the meaning of *§1692a(2)*.

19. These phone calls were debt collections as defined in *§1788.2(b)*.

20. These phone calls were made to Plaintiff before 8:00 a.m. Pacific Standard Time.

21. By communicating with Plaintiff before 8:00 a.m. Pacific Standard Time, a presumptively and actually inconvenient time per *§1692c(a)(1)*, Defendant violated *§1692c(a)(1)*.

22. By engaging in this conduct the natural consequence being harassment and oppression of the Plaintiff in connection with the collection of a debt, Defendant violated *§1692d* and *§1788.11(e)*.

23. Because these communications violated the language in *§1692c(a)(1)*, Defendant also

1  violated *§1788.17* of the Rosenthal Act as it incorporates *§1692c(a)(1)*.

2  24.  Defendant placed these calls to Plaintiff's cellular telephones via an "automatic
3  telephone dialing system," as defined by *47 U.S.C. §227(a)(1)*.

4  25.  During these telephone calls Defendants used "an artificial or prerecorded voice" as
5  prohibited by *47 U.S.C. §227(b) (1) (A)*.

6  26.  These telephone calls constituted calls that were not for emergency purposes as defined
7  by *47 U.S.C. §227(b) (1) (A*.

8  27.  Defendants' misconduct in placing these telephone calls to Plaintiff's cell phone was
9  willful and knowing, and the Court should pursuant to section *47 U.S.C 227(b)(3)(C)*, treble the
10 amount of statutory damages recoverable by the Plaintiff.

11 28.  Plaintiff did not provide "express consent" allowing Defendants to place telephone calls
12 to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic
13 telephone dialing system," within the meaning of *47 U.S.C. §227(b)(1)(A)*.

14 29.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the
15 burden is on the Defendants to demonstrate that Plaintiff provided express consent within the meaning
16 of the statute, because it is the best entity to determine how numbers were attained.

17 30.  These telephone calls by Defendant to Plaintiffs cell phone number violated *47 U.S.C.*
18 *§227(b) (1)(A)(iii)*.

19 31.  The telephone calls by Defendants harmed Plaintiff by numerous ways including but
20 not limited to the following:

21 (a)  caused Plaintiff to incur certain cellular telephone charges or reduce cellular
22      telephone time for which Plaintiff previously paid,
23 (b)  waking him in the early morning repeatedly and continuously caused him stress,
24      anxiety over anticipation of future early morning calls, frustration at being unable to
25      predict or stop the early morning calls, loss of sleep and resulting overall diminished
26      abilities to carry on his activities of daily living.

27 ///
28 ///

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

32.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

33.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of *§1692 et seq*.

34.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to *15 U.S.C. §1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *15 U.S.C. §1692k(a)(2)(A)*; reasonable attorney's fees and costs pursuant to *15 U.S.C. §1692k(a)(3)* from defendant.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

35.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

36.     Plaintiff is entitled to statutory damages of $1000.00 under *§1788.17* of the Rosenthal act for Defendant violations, as enumerated above, of the FDCPA. Because the above stated conduct violated certain portions of the FDCPA as these portions are incorporated by reference in *§1788.17*, each of those acts or omissions also violated *§1788.17*.

37.     Plaintiff is entitled to statutory damages of $1000.00 under *§1788.30(b)* for Defendant violations, as enumerated above, of the *§1788.11(e)*.

38.     Pursuant to *§1788.32,* the remedies provided under *§§1788.30(c)* and *1788.17* are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

39.     Plaintiff is also entitled to attorney's fees and costs for violations of the Rosenthal Act pursuant to *§1788.30(c)*.

## THIRD CLAIM FOR RELIEF

### (Negligent Violations of the TCPA)

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq*.

42. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b) (3) (B)*.

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the TCPA)

44. Plaintiff incorporates by reference all of the above paragraphs before his Fourth Count for Relief as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq*.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Declare that the Defendant violated the TCPA;

(5) Award of actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) of the FDCPA;

(6) Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A) of the FDCPA;

(7) Award of statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1000.00) pursuant to § 1788.30(b) of the Rosenthal Act for violations of §1788.11(e);

(8) Award of statutory damages of $1,000.00 pursuant to § 1788.174 of the Rosenthal Act;

(9) Award of the costs of litigation and reasonable attorney's fees, pursuant to §1692k (a) (3) of the FDCPA and §§1788.175 and 1788.30(c) of the Rosenthal Act;

(10) Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. §227(b) (3) (B)

(11) Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. §227(b)(3)(C)

(12) Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Lester & Associates

May 24, 2012  
Dated

*s/Patric A. Lester*  
By Patric A. Lester  
Attorney for Plaintiff,  
Drew Hill

---

[4] *§ 1692k(a)(2)(A) of the FDCPA*  
[5] *§1692k(a)(3)*

7  
COMPLAINT